UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIDGET KEEGAN,

    Plaintiff,

vs.                                                                 CASE NO. 5:07cv94/RS/MD

MICHAEL W. WYNNE, Secretary,
Department of the Air Force,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion for Summary Judgment (Doc. 43), Plaintiff's Response and Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Doc. 48), Plaintiff's Notice of Filing Documents in Opposition to Summary Judgment (Doc. 44), and Plaintiff's Statement of Facts in Opposition to Summary Judgment (Doc. 45).

Plaintiff's Complaint (Doc. 1) alleges two counts: gender discrimination and retaliation.

### I. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (*quoting* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)).  A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512.  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding

whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2511).

## II. COUNT 1 – GENDER DISCRIMINATION

The elements of a claim of discrimination in promotion are: (1) Plaintiff belongs to a protected class; (2) Plaintiff was qualified for and applied for a position the employer was trying to fill; (3) Plaintiff was denied the position; and (4) others who were not members of the protected class were hired, or the employer continued to seek applicants with the plaintiff's qualifications. *Cooper v.*

*Southern Co.*, 390 F.3d 695, 723 (11th Cir. 2004) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973)).  Both parties agree that Plaintiff is a female; Plaintiff was qualified for both positions in question; Plaintiff was denied both positions; and those hired for the positions were male.  Therefore, Plaintiff has made a prima facie case of discrimination in promotion.

After the plaintiff has established the elements of a claim, the burden shifts to the defendant to produce evidence that the plaintiff was rejected or someone else was preferred for a legitimate, nondiscriminatory reason. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S. Ct. 2097, 2106, 147 L.Ed.2d 105 (2000).  Defendant contends that Plaintiff was not selected for the position of Chief of Compliance because of her lack of supervisory experience.  Plaintiff disputes the factual allegation that she had less supervisory experience than the male hired for this position.  Defendant contends Plaintiff was not selected for the position of Supervisory Environmental Engineer because of her poor communication skills.  Plaintiff disputes the allegation that she has less communication skills than the male hired for this position.

After the defendant has produced evidence to support a nondiscriminatory explanation for its decision, the plaintiff has the opportunity to prove that the

legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Id*. at 143, 2106.  For both positions, Plaintiff shows there is a factual dispute as to whether the males hired were even qualified for the positions based on their education and experience.  Viewing the facts in the light most favorable to Plaintiff, Plaintiff has made a prima facie showing that the legitimate reasons offered by the defendant were not true reasons, but were a pretext for discrimination.  Because there are factual disputes, summary judgment is not appropriate.

## III. COUNT 2 – RETALIATION

Both parties agree that the elements to prevail on a claim of retaliation are: (1) that Plaintiff engaged in statutorily protected expression; (2) Plaintiff suffered an adverse employment action; and (3) there is a casual connection between the two events. *Goldsmith v. Bagby Elevator Co., Inc*., 513 F.3d 1261, 1277 (11th Cir. 2008) (*citing Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2410-16, 165 L.Ed.2d 345 (2006)). Both parties agree that Plaintiff engaged in statutorily protect expression when participating in EEO activity.  Therefore, the first element is met.

Plaintiff asserts several adverse employment actions, including being assigned additional work, denial of two promotions, a sick policy applied only to

her, being transferred to a position in a different department, assigned unfamiliar work, and being told her communications had to be approved by her supervisor. Defendant argues that the employment actions were not adverse and were not related to Plaintiff's protected activity. A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992). There is clearly a factual dispute whether the alleged adverse employment actions were casually connected to her protected activity. Therefore, summary judgment is not appropriate.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment (Doc. 43) is **DENIED**.

**ORDERED** on August 21, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**